1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   SHALENA DYSTHE, individually and )   NO. CV 09-08013 AG (SSx)
     on behalf of all others          )
12   similarly situated, et al.,      )
                                       )
13                    Plaintiffs,      )   **MEMORANDUM AND ORDER RE: PARTIES'**
                                       )
14                    v.               )   **STIPULATED PROTECTIVE ORDER**
                                       )
15   BASIC RESEARCH, L.L.C., a Utah    )
     limited liability company, et    )
16   al.,                             )
                                       )
17                    Defendants.      )
     ─────────────────────────────────)
18

19

20        The Court has received and considered the parties' "Stipulation for

21   Protective Order Regarding Confidential Material and Highly Confidential

22   Material" (the "Protective Order"), filed on March 30, 2011.  The Court

23   is unable to adopt the Protective Order as stipulated to by the parties

24   for the following reasons:

25

26        First, a protective order must be narrowly tailored and cannot be

27   overbroad.  Therefore, the documents, information, items or materials

28   that are subject to the protective order shall be described in a

1  meaningful, specific and narrow fashion (for example, "personnel
2  records," "medical records," or "financial information," etc.).  It is
3  not sufficient to define the protected material as any documents "that
4  constitute competitively sensitive, business proprietary, and
5  confidential information, including but not limited to trade secrets,
6  proprietary formulas and products, testing data, strategic plans, sales,
7  financial information, manufacturing, employment, or other competitive
8  and/or confidential information."  (Protective Order at 1) (emphasis
9  added).  Specifically, the above-underlined phrases potentially extend
10 the scope of protected documents to include any document or information
11 the parties later decide to designate, regardless of the specific
12 category or type of information contained in that document.

13

14      Because the current language used to describe the protected
15 documents is overbroad, the Court cannot adopt the Protective Order.
16 The parties may submit a revised stipulated protective order, but must
17 describe the documents and information to be protected with specificity.

18

19      Second, the parties' definition of "Highly Confidential Material"
20 is also overbroad.  (Protective Order at 2, ¶3).  Where trade secrets
21 or other confidential commercial information are involved, a court must
22 balance the risk of limiting disclosure to parties or competitors
23 against the risk that a protective order will impair prosecution or
24 defense of the claims.  See Brown Bag Software v. Symantec Corp., 960
25 F.2d 1465, 1470 (9th Cir. 1992).  It is not sufficient to define "Highly
26 Confidential Material" as "any non-public personal information or any
27 Material that the Producing Party reasonably and in good faith believes
28 to be extremely sensitive confidential, proprietary, and/or trade secret

2

information the disclosure of which, even if limited to the disclosure restrictions on Confidential Material permitted by this Protective Order, would jeopardize or threaten to jeopardize the Producing Party's business interests." (Protective Order at 2, ¶3).  The broad language used to describe Highly Confidential Material cannot be adopted by the Court.

Because the definition of Highly Confidential Material is overbroad, the parties risk future disputes over accusations that parties are "over-designating" documents as "Highly Confidential."  If information or documents are to be withheld from a party or client's review, then there must be an extremely well-defined reason for the withholding (i.e., the specific harm that would result based upon the type of document) and the group of documents to be withheld must be narrowly defined.

In any revised stipulated protective order submitted to the Court, the parties must narrowly and specifically define the category of "Highly Confidential Material."  The protective order must set forth the specific harm from disclosure of the "Highly Confidential Material" to parties or others for each category of information or documents.

Finally, the Protective Order does not establish the requisite good cause.  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration

1  omitted)); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1130

2  (9th Cir. 2003) (court's protective order analysis requires examination

3  of good cause (citing <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206,

4  1210-11, 1212 (9th Cir. 2002)).

5

6      The Court may only enter a protective order upon a showing of good

7  cause.  <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1176

8  (9th Cir. 2006) (stipulating to protective order insufficient to make

9  particularized showing of good cause, as required by Rule 26(c));

10  <u>Phillips</u>, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good

11  cause for a protective order);  <u>Makar-Wellbon v. Sony Electrics, Inc.</u>,

12  187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

13  require good cause showing).

14

15      Here, the Protective Order states that "[i]nappropriate use and/or

16  disclosure of [confidential] information may lead to economic and

17  business harm, including potential competitive disadvantage, as well as

18  potential violations of individuals' privacy rights." (Protective Order

19  at 1).  This vague language is insufficient to establish good cause

20  because it does not adequately describe the specific harm that would

21  result from the disclosure of particular categories of documents to

22  third parties.

23

24      In any revised stipulated protective order submitted to the Court,

25  the parties must include a statement demonstrating good cause for entry

26  of a protective order pertaining to the documents or information

27  described in the order.  The documents to be protected shall be

28  specifically described and identified.  The paragraph containing the

4

statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered. <u>Foltz</u>, 331 F.3d at 1130.


        IT IS SO ORDERED.


DATED: April 5, 2011

                                         /S/
                              _____
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

5